**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
*Southern Division*

| | | |
|---|---|---|
| **ERNESTO MCKENZIE,** *et al.* | * | |
| **Plaintiffs,** | * | |
| v. | * | Case No.: GJH-17-3225 |
| | * | |
| **M&T BANK,** | * | |
| **Defendant.** | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION**

Plaintiffs Ernesto and Alvia McKenzie bring this *pro se* action against Defendant M&T Bank claiming wrongful foreclosure. Specifically, Plaintiffs' Amended Complaint alleges: (1) violations of the Maryland Mortgage Fraud Protection Act ("MMFPA"), Md. Code Ann., Real Prop. § 7-401 *et seq*; (2) violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*; (3) violations of the Maryland Consumer Debt Collection Act ("MDCPA"), Md. Code Ann., Com. Law § 14-201 *et seq.*; (4) Intentional Infliction of Emotional Distress; and (5) a claim for a declaratory judgment, 28 U.S.C. § 2201 *et seq*. ECF No. 34-1. Plaintiffs' general allegation that M&T Bank did not have standing to initiate the prior foreclosure suit underlies each of Plaintiffs' other claims. *Id.* Now pending before the Court is Defendant's Motion to Dismiss Amended Complaint. ECF No. 37. A hearing is unnecessary. *See* Local Rule 105.6 (D. Md.). For the following reasons, the Motion to Dismiss is granted.

1

I. **BACKGROUND**

The Court derives the following facts from Plaintiffs' Amended Complaint, ECF No. 34-1, and public land records and court records of which the Court takes judicial notice.[1] Plaintiffs are the owners of real property located in Laurel, Maryland (the Property). ECF No. 34-1 at 2–3.[2] On August 9, 2007, Plaintiffs borrowed a $324,000 loan from Countrywide Bank. ECF No. 34-3. They executed a promissory note in favor of Countrywide and the note was secured by the Property through a deed of trust. *Id.* The Deed of Trust named Countrywide as Lender and Mortgage Electronic Recording System, Inc. (MERS) as "nominee for Lender and Lender's successors and assigns" and the beneficiary under the Deed of Trust. ECF No. 34-3 at 5, 7.

When Plaintiff closed on the Property, Countrywide allegedly sold the loan to a securitized pool of mortgages described in the Amended Complaint as the Federal Home Loan Mortgage Corporation Multiclass Certificates Series 3371 Trust. ECF No. 34-1 ¶ 27. In route to securitization, the note was transferred but not correspondingly indorsed. ECF No. 34-1 ¶ 29.[3] On March 14, 2014, MERS sought to assign its interest in the Deed of Trust to the Defendant M&T Trust. ECF No. 34-3 at 17. On July 25, 2015, after Plaintiffs defaulted on the loan, substitute trustees initiated a foreclosure action against Plaintiffs in the Circuit Court of Prince George's County, Maryland. ECF No. 37-2 at 26. The Circuit Court denied Plaintiffs' Motion to Stay Foreclosure Sale on June 29, 2016. *Id.* at 28. The property was then sold at a foreclosure

---

[1] The Court may consult these documents without converting the Motion to Dismiss into one for Summary Judgment. *See Sec'y of State For Defence v. Trimble Navigation Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007).
[2] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.
[3] Defendant cites to a copy of the Note with two indorsements. ECF No. 37-2 at 4. However, that version of the Note is not a public record, and the Defendant did not style its motion as a "Motion to Dismiss or, in the Alternative, Motion for Summary Judgment." Further, the Plaintiffs are litigating this action *pro se* and made it clear in their Opposition that they believe the Court is reviewing Defendant's motion as a Motion to Dismiss. Thus, the Court will not consider matters outside the pleadings besides public records and will treat Defendant's motion as a Motion to Dismiss rather than a Motion for Summary Judgment. In this context, the Court assumes Plaintiffs' allegation that the Note was transferred but not indorsed to be true.

sale. *Id.* at 30. The Circuit Court ratified the sale on August 16, 2017. *Id.* at 30, 32. In the order ratifying the sale, the Circuit Court explained that it was "satisfied that the sale made and reported by the Substitute Trustees . . . was fairly and properly made in accordance with applicable law." *Id.* at 32.

After the foreclosure suit came to a close, Plaintiffs filed a separate complaint in the Circuit Court on September 5, 2017 against the substitute trustees, Defendant M&T Bank, and other defendants, alleging state and federal claims related to their mortgage loan and the foreclosure. *McKenzie v vs Atlantic Law Group LLC*, CAL17-22391 (Cir. Ct. Prince George's Cty, September 5, 2017). Defendants in that case removed the action to this Court on November 1, 2017. ECF No. 1. With the Court's leave, ECF No. 35, Plaintiffs filed an Amended Complaint, which named M&T Bank as the only Defendant, ECF No. 34-1.[4] Defendant filed a Motion to

---

[4] Plaintiffs attach to their Amended Complaint a document titled "Chain of Title Analysis & Mortgage Fraud Investigation" prepared by "private investigator" Joseph Esquivel. ECF No 34-2. Esquivel is licensed as a private investigator in Texas. *See id.* at 2; *See* Texas Online Private Security Licensee Search Results, https://tops.portal.texas.gov/psp-self-service/search/results (last visited September 4, 2018). He does not hold any Maryland licenses. *See* State of Maryland Department of Labor, Licensing and Regulation Results for Active Licensees Search, https://www.dllr.state.md.us/cgi-bin/ElectronicLicensing/OP_Search/OP_search.cgi (last visited September 4, 2018). The document contains a "disclaimer" stating that nothing in it "shall be construed as legal advice" and that the "material is for educational purposes only, and is to be used for self-help and at readers' individual discretion," ECF No. 34-2 at 3, but it also, as Defendant points out, ECF No. 37-1 at 4, includes misstatements of facts and applicable law. Plaintiffs used excerpts from the document prepared by Mr. Esquivel in their Amended Complaint and their misinterpretation of Maryland law appears to be taken, in significant part, from this document. For example, the report states "for the McKenzie Mortgage Loan to remain a secured loan, there would have been assignments and transfers of the beneficial interest of the McKenzie Deed of Trust, concurrent to negotiations of the McKenzie Note and those transfers of the McKenzie Deed of Trust would have to be entered into the Official Records of the Prince Georges Recorder's Office." ECF No. 34-2 at 21. This is incorrect. *See Deutsche Bank Nat. Tr. Co. v. Brock*, 430 Md. 714, 728, 63 A.3d 40, 48 (2013). Yet Plaintiffs quote this language in their Amended Complaint. ECF No. 34-1 at 7. The Court notes that this is not the first time that borrower-homeowners have relied on Esquivel's inaccurate "legal conclusions," despite the fact that he is not a lawyer and has "not shown competence" to provide legal advice or testimony regarding chain of title issues. *See Weeks v. Bank of Am., N.A.*, No. 02-13-00039-CV, 2014 WL 345633, at *3 (Tex. App. Jan. 30, 2014); *see also*, *Leif v. Umpqua Bank*, No. 6:16-CV-02043-JR, 2017 WL 1758094, at *2 n. 2 (D. Or. Feb. 15, 2017); *Harms v. Bank of New York Mellon*, No. C 16-01585 CW, 2017 WL 6049402, at *4 (N.D. Cal. Apr. 5, 2017) (finding a similar report authored by Mr. Esquivel to constitute legal argument); *Kashef v. Wells Fargo Bank N.A.*, No. 17-CV-06576-JST, 2017 WL 6387756, at *2 (N.D. Cal. Dec. 14, 2017) ("There is no foundation for Esquivel's statements in the chain of title, and the Court does not credit them."); *Fed. Nat'l Mortg. Ass'n v. Harris*, No. 1:11-CV-03207-JOF, 2012 WL 13013000, at *3 n. 3 (N.D. Ga. Aug. 13, 2012) ("Mr. Esquivel's affidavit is replete with erroneous statements of law and is wholly unhelpful to a resolution of the case let alone to be admitted as any expert opinion.").

3

Dismiss the Amended Complaint, ECF No. 37, and Plaintiffs filed an untimely Opposition, ECF No. 40. Defendant did not file a reply.

## II. DISCUSSION

Defendants may "test the adequacy of a complaint by way of a motion to dismiss under Rule 12(b)(6)." *Prelich v. Med. Res., Inc.*, 813 F. Supp. 2d 654, 660 (D. Md. 2011) (citing *German v. Fox*, 267 Fed. Appx. 231, 233 (4th Cir. 2008)). Motions to dismiss for failure to state a claim do "not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Prelich*, 813 F. Supp. 2d at 660 (citing *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1990)). The court should not grant a motion to dismiss for failure to state a claim for relief unless "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *GE Inv. Private Placement Partners II v. Parker*, 247 F.3d 543, 548 (4th Cir. 2001) (citing *H.J. Inc. v. Northwestern Bell Tel. Co.*, 492 U.S. 229, 249–50 (1989)). In evaluating the sufficiency of the Plaintiff's claims, the Court accepts factual allegations in the complaint as true and construes the factual allegations in the light most favorable to the Plaintiff. *See Albright v. Oliver*, 510 U.S. 266, 268 (1994). However, the complaint must contain more than "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com. Inc.*, 591 F.3d 250, 255 (4th Cir. 2009).

The doctrine of *res judicata*, or claim preclusion, "bars a party from suing on a claim that has already been 'litigated to a final judgment by that party or such party's privies and precludes the assertion by such parties of any legal theory, cause of action, or defense which could have been asserted in that action.'" *Ohio Valley Envtl. Coal. v. Aracoma Coal Co.*, 556 F.3d 177, 210 (4th Cir. 2009). *Res judicata* constitutes a ground for dismissal under Rule 12(b)(6). *Davani v.*

*Va. Dep't of Transp.*, 434 F.3d 712, 720 (4th Cir. 2006) (citing *Andrews v. Daw*, 201 F.3d 521, 524 (4th Cir. 2000). A Rule 12(b)(6) dismissal based on an affirmative defense like *res judicata* is only appropriate, however, when the basis for res judicata "clearly appears on the face of the complaint." *Richmond, Fredericksburg & Potomac R.R. Co. v. Forst*, 4 F.3d 244, 250 (4th Cir. 1993).

For *res judicata* to bar a claim, three elements must be satisfied: (1) the present parties are the same or in privity with the parties in the earlier dispute; (2) the earlier dispute was based upon the same cause of action, and (3) there has been a valid final judgment on the merits. *See Ohio Valley Envtl.*, 556 F.3d at 210 (internal citations omitted). The applicable *res judicata* law is the law of the tribunal in which the prior judgment was entered. *Kremer v. Chem. Const. Corp.,* 456 U.S. 461, 482 (1982). Thus, because Defendant asserts *res judicata* based on a Maryland state-court judgment, Maryland *res judicata* law applies.

The only element in dispute here is the third—whether the Maryland Circuit Court's decision ratifying the foreclosure sale constituted a valid final judgment on the merits. ECF No. 40-1 at 4. However, "[t]he law is firmly established in Maryland that the final ratification of the sale of property in foreclosure is *res judicata* as to the validity of such sale, except in case of fraud or illegality, and hence its regularity cannot be attacked in collateral proceedings." *Manigan v. Burson*, 862 A.2d 1037, 1041 (Md. Ct. Spec. App. 2004) (citation omitted). Thus, when the Circuit Court ratified the foreclosure sale, issuing an order proclaiming its satisfaction that the substitute trustees made the sale "fairly and properly" "in accordance with applicable law," it rendered a valid final judgment on the merits, which cannot be collaterally attacked before this Court.

Plaintiffs' argument that *res judicata* is inapplicable because Defendant lacked standing before the Circuit Court, rendering the foreclosure judgment void, is without merit. Although a lack of article III constitutional standing may be collaterally attacked because a judgment issued by a court lacking jurisdiction is void, *see* 50 C.J.S. Judgments § 724, Plaintiffs here do not challenge the Defendant's constitutional standing. After all, such standing is not a prerequisite to state court adjudication. *See* U.S. Const. art. III. Instead, Plaintiffs simply challenge the validity of the foreclosure sale. Specifically, they claim that the prior foreclosure suit was wrongfully brought because the Note was transferred but never properly indorsed in accordance with applicable law. ECF No. 34-1 at 4–5; ECF No. 40-1 at 2. Yet, the Maryland Circuit Court decided in a final judgment that it was "satisfied that the sale made and reported by the Substitute Trustees . . . was fairly and properly made in accordance with applicable law." ECF No. 37-2 at 32.

Ultimately, Plaintiff's federal suit is an attempt to re-litigate or collaterally attack a final order ratifying the foreclosure sale in a state court foreclosure proceeding. Because the validity of the foreclosure was finally adjudicated on the merits when the Circuit Court ratified the sale, Plaintiff's action is barred by *res judicata*.

For the foregoing reasons, Defendant's Motion to Dismiss, ECF No. 37, is granted. A separate Order shall issue.

Date: <u>September  14, 2018</u>　　　　　　　　　　　　　　　<u>　　　　/s/　　　　　　　　　　</u>
　　　　　　　　　　　　　　　　　　　　　　　　　　　　GEORGE J. HAZEL
　　　　　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge